433 F.2d 587
 Clifford Theodore SLOAN et al., Plaintiffs-Appellees,
v.
TENTH SCHOOL DISTRICT OF WILSON COUNTY, TENNESSEE, Wilson
County Board of Education, and Sixteenth Special
School District of Wilson County,
Tennessee, Defendants-Appellants.
 No. 20122.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1970.
 
 John J. Hooker, Sr., Nashville, Tenn., for defendants-appellants; Gareth S. Aden, Nashville, Tenn., Perry H. Johnson, Phillip Reed, Ernest W. Cotten, Lebanon, Tenn., on brief; Hooker, Keeble, Dodson & Harris, Nashville, Tenn., of counsel.
 Sylvia Drew, New York City, for plaintiffs-appellees; Avon N. Williams, Jr., Nashville, Tenn., Jack Greenberg, Norman Chachkin, New York City, on brief.
 Before CELEBREZZE, PECK and BROOKS, Circuit Judges.
 CELEBREZZE, Circuit Judge.
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Middle District of Tennessee ordering the establishment of a unitary school system in three overlapping school districts in Wilson County, Tennessee. This litigation had its genesis in August, 1961; and, according to the order of the District Court, the Appellant school systems are not yet operating under a constitutionally adequate desegregation plan for their faculty and pupils. The District Court issued a comprehensive order which, in effect, requires the Appellant school systems to desegregate their faculties and student bodies and to devise a unitary school system.
 
 
 2
 On appeal, Appellants challenge only one sentence in the District Court's order, to-wit:
 
 
 3
 'All plans for such new schools, or additions or expansions to existing schools shall be submitted by defendants to the Court for approval, with notification of such submission to counsel for plaintiffs.'
 
 
 4
 That requirement of the District Court immediately followed its statement enjoining the Board of Education from
 
 
 5
 'planning, designing, locating or constructing new schools or additions or expansions of existing schools in such manner as to conform to racial residential patterns or to encourage or support the growth of racial segregation in residential patterns, and are enjoined to plan, design, locate and construct any and all new schools or additions or expansions to existing schools in their respective school systems in such manner as to affirmatively promote and provide for both the present and future an equitable distribution of racial elements in the population of each school in the school system.'
 
 
 6
 The requirement that the Appellants challenge therefore appears to be an exercise of the District Court's discretionary authority to supervise the implementation of its comprehensive order.
 
 
 7
 There can be no question that the District Court has discretion to supervise the disestablishment of a dual school system. In Raney v. Board of Education, 391 U.S. 443, 88 S.Ct. 1697, 20 L.Ed.2d 727, in which a District Court dismissed an action for injunctive relief against the 'operation of a racially segregated school system,' the United States Supreme Court stated:
 
 
 8
 'Finally, we hold that in the circumstances of this case, the District Court's dismissal of the complaint was an improper exercise of discretion. Dismissal will ordinarily be inconsistent with the responsibility imposed on the District Courts by Brown II, (Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083) (cites). In light of the complexities inhering in the disestablishment of state-established segregated school systems, Brown II contemplated that the better course would be to retain jurisdiction until it is clear that disestablishment has been achieved.' 391 U.S. at 449, 88 S.Ct. at 1700.
 
 
 9
 Recently, in Goss v. Board of Education, 406 F.2d 1183 (6th Cir. 1969) this Court recognized that if new 'plans for future construction' will be required to serve a community, a Court of Appeals must 'direct the District Judge to keep this case open upon his docket.' 406 F.2d at 1191.
 
 
 10
 Similarly, other Courts of Appeals have recognized the possibility of the construction of new schools and the expansion of existing facilities creating or preserving the racial segregation of pupils in violation of the Fourteenth Amendment, as well as the possibility of a school board selecting sites for new schools in order to effect an incorporation of existing residential segregation into the school system. These practices have been prohibited. Kelley v. Altheimer, 378 F.2d 483, 496 (8th Cir. 1967); United States v. Board of Public Instruction of Polk County, 395 F.2d 66, 69 (5th Cir. 1968); Brewer v. School Board of City of Norfolk, 397 F.2d 37, 41 (4th Cir. 1968).
 
 
 11
 Given the potential of school construction plans to subvert a constitutionally adequate school system, we believe that the District Court's retention of jurisdiction and requirement that such plans be submitted for its approval are within the scope of its discretionary powers to supervise the implementation of its judgment.
 
 
 12
 Appellants contend that the District Court's requirement of prior approval of building plans was an abuse of discretion in that it (1) causes an unreasonable expense and delay in building plans, (2) ignores the substantial progress toward a unitary school system which the Appellants have already made, and (3) impugns the good faith of the Appellants who have been attempting to implement a unitary school system.
 
 
 13
 We consider first Appellants' contention that prior District Court approval of building plans will cause unreasonable delays and expense in the execution of its building plans. Upon oral argument, counsel for the Appellants stressed to this Court the added expense to the school system and the taxpayer that revealing the location of planned school sites would have on acquisition costs; and, in addition, the inevitable delays entailed in submitting of such plans to a District Court.
 
 
 14
 It is our judgment that the visitation of undue delays and expense on the Appellants would not be sufficient to vitiate the challenged portion of the District Court order. The county may avoid an undue increase in the price of the land by prudent exercise of its powers of eminent domain. 2 Tenn.Code Ann. 5-1103, as amended (1969 Supp.). We further find no merit in Appellants' contention that prior submission of building plans to the Court generates undue expenses or delays.
 
 
 15
 We turn now to Appellants' contention that the District Court ignored the substantial progress which had been achieved toward a unitary school system in Wilson County, Tennessee. We disagree. The existence of substantial progress toward the disestablishment of a dual school system is no bar to the District Court retaining jurisdiction and requiring submission for approval of the District Court of a school system's building plans.
 
 
 16
 In Goss v. Board of Education, 406 F.2d 1183 (6th Cir. 1969) we indicated our belief that Knoxville, Tennessee had made 'quite substantial progress,' 406 F.2d at 1191, yet 'in the time ahead, * * * Knoxville Board of Education may wish to consider some pairing of existing schools and some alteration of its plans for future construction. * * * We must, therefore, direct the District Judge to keep this case open upon his docket.'
 
 
 17
 More recently, in Robinson v. Shelby County Board of Education, 311 F.Supp. 97 (W.D.Tenn.1970), Chief Judge Bailey Brown approved the Shelby County School system's integration plan practically in toto, but nevertheless his opinion rendered pursuant to 'Green, Raney and Monroe (Monroe v. Board of Commissioners of City of Jackson, Tenn., 391 U.S. 450, 88 S.Ct. 1700, 20 L.Ed.2d 733),' concluded:
 
 
 18
 'The school Board will file notice of all future building plans with the Clerk and furnish counsel for the original plaintiff and the Attorney General with copies of such notices.' 311 F.Supp. at 105.
 
 
 19
 Finally, Appellants contend that their good faith compliance with prior court orders requires us to find the challenged portion of the District Court order to be an abuse of its supervising discretion. Appellants emphasize that the sentence prior to the challenged portion of the District Court's order enjoins them 'to plan, design, locate and construct any and all new schools in their respective school systems in such manner as to affirmatively promote and provide for both the present and future equitable distribution of racial elements in the population of each school in the school system.' Thus, the District Court's requirement that all new building plans be submitted to the Court for prior approval carries with it a suggestion that Appellants may not obey the mandatory injunction of the above-quoted language preceding the challenged portion of the order.
 
 
 20
 We do not regard the prior submission of building plans as impugning the 'good faith' of the Appellants, but rather as expediting the rapid disestablishment of a dual school system and its conversion into a growing unitary system which has eliminated patterns of racial discrimination 'root and branch.' Green v. County School Board, 391 U.S. 430, 437-438, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968). Thus, it was without questioning the 'good faith' of Shelby County's Board of Education proposed plan which was approved with only minor exceptions that the District Court required the School Board to 'file notice of all future building plans with the Clerk and furnish counsel for the original plaintiffs and the Attorney General with copies of such notice.' Robinson v. Shelby County Board of Education, supra.
 
 
 21
 In the instant case, the District Court's comprehensive order specifically requires the Appellants to reconsider their school closings in the coming months which indicates that further desegregation may yet be required. Also, the Appellants have acknowledged that in the past school construction planning has been designed to reinforce trends in population growth regardless of whether such planning reinforced and extended residential racial segregation. Given the continuing posture of this litigation and the relationship of such plans to the successful disestablishment of a dual system, the District Court did not abuse its discretion in requiring the submission of future construction plans for the District Court's approval.
 
 
 22
 The judgment of the District Court is affirmed.
 
 
 23
 JOHN W. PECK, Circuit Judge (dissenting).
 
 
 24
 I must respectfully dissent because I am unwilling to indulge the presumption that in its future construction planning the Board of Education will fail to be guided by the letter and spirit of the District Court's order.